IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

SAMUEL O.,

                Plaintiff,

    v.                                           Civil Action No.
                                                 5:21-CV-1057 (DEP)

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| FOR PLAINTIFF | |
| LAW OFFICES OF<br>STEVEN R. DOLSON<br>126 North Salina Street, Suite 3B<br>Syracuse, NY 13202 | STEVEN R. DOLSON, ESQ. |
| FOR DEFENDANT | |
| SOCIAL SECURITY ADMIN.<br>625 JFK Building<br>15 New Sudbury St<br>Boston, MA 02203 | NATASHA OELTJEN, ESQ. |

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

ORDER

Currently pending before the court in this action, in which plaintiff

seeks judicial review of an adverse administrative determination by the Commissioner of Social Security ("Commissioner"), pursuant to 42 U.S.C. § 405(g) are cross-motions for judgment on the pleadings.[1] Oral argument was conducted in connection with those motions on October 5, 2021, during a telephone conference held on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination did not result from the application of proper legal principles and is not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, a transcript of which is attached and incorporated herein by reference, it is hereby

ORDERED, as follows:

1)  Plaintiff's motion for judgment on the pleadings is GRANTED.

2)  The Commissioner's determination that plaintiff was not

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

2

disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is VACATED.

3) The matter is hereby REMANDED to the Commissioner, without a directed finding of disability, for further proceedings consistent with this determination.

4) The clerk is respectfully directed to enter judgment, based upon this determination, remanding the matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

David E. Peebles
U.S. Magistrate Judge

Dated:   October 6, 2022
         Syracuse, NY

```
UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------x
SAMUEL O.,

                              Plaintiff,

vs.                           5:21-CV-1057

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
-----------------------------------------x
```

Transcript of a **Decision** held during a Telephone Conference on October 5, 2022, the HONORABLE DAVID E. PEEBLES, United States Magistrate Judge, Presiding.

A P P E A R A N C E S

(By Telephone)

```
For Plaintiff:     DOLSON LAW OFFICE
                   Attorneys at Law
                   126 N. Salina Street
                   Suite 3B
                   Syracuse, New York  13202
                     BY:  STEVEN R. DOLSON, ESQ.

For Defendant:     SOCIAL SECURITY ADMINISTRATION
                   Office of General Counsel
                   6401 Security Blvd.
                   Baltimore, Maryland  21235
                     BY:  NATASHA OELTJEN, ESQ.
```

*Jodi L. Hibbard, RPR, CSR, CRR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York  13261-7367*
*(315) 234-8547*

1               (The Court and all counsel present by
2          telephone.)
3               THE COURT:  Let me begin by thanking counsel.  This
4    is an interesting issue and I've enjoyed working with both of
5    you.
6               Plaintiff has commenced this proceeding pursuant to
7    42 United States Code Section 405(g) to challenge an adverse
8    determination by the Commissioner of Social Security finding
9    that he was not disabled at the relevant times and therefore
10   ineligible for the Disability Insurance benefits which he
11   sought.
12              The background is as follows -- I won't go into a
13   great deal of detail concerning the background since the
14   nature of the plaintiff's argument really focuses on step
15   five of the sequential analysis.  Nonetheless I'll give some
16   background.  Plaintiff is 65 years of age, he was born in
17   February of 1957, he was 62 at the alleged onset of his
18   disability on March 4, 2019.  He lives in Liverpool with a
19   wife in a single-level house.  He has a high school
20   education.  Plaintiff drives.  He worked in a composite
21   position as auto sales manager and in auto sales for two
22   dealerships, one for 13 years, one for 22 years.  He left in
23   January of 2019, although there was a failed work attempt
24   beginning in May of 2019 and ending somewhere between August
25   and October, the record is somewhat ambiguous on that score.

1              The plaintiff suffers from heart issues, had
2     prostate cancer surgery in June of 2020, he has urinary
3     incontinence issues that are residuals from that surgery.  He
4     has Non-Hodgkin's lymphoma although it is in remission, and
5     he is obese, he includes that he has breathing issues.
6              Mentally, plaintiff suffers from mild depression.
7     He is on medication and it appears to be helping.
8              In terms of activities of daily living, plaintiff
9     does some cooking, watches television, plays with his
10    grandchildren, does some yardwork, tries to vacuum, he
11    showers, grooms, can dress, and socializes, including
12    occasional trips to a casino.
13             Procedurally, plaintiff applied for Title II
14    benefits under the Social Security Act on October 4, 2019,
15    again, alleging an onset date of March 4, 2019, and claiming
16    disability based on various heart conditions, hyperlipidemia,
17    hypertension, hypercholesterolemia, Non-Hodgkin's lymphoma in
18    remission.  A hearing was conducted with a vocational expert
19    by Administrative Law Judge Michelle Marcus on December 1,
20    2020.  The ALJ issued an unfavorable decision on December 23,
21    2020.  The Social Security Administration Appeals Council
22    denied plaintiff's application for review on July 29, 2021.
23    This action was commenced on September 23, 2021, and is
24    timely.
25             In his position -- in her decision, ALJ Marcus

1  applied the five-step sequential test for determining
2  disability.
3           At step one, she concluded that plaintiff had not
4  engaged in substantial gainful activity since the alleged
5  onset date and characterized the subsequent work as an
6  unsuccessful work attempt.
7           At step two she found that plaintiff suffers from
8  severe impairments including coronary artery disease,
9  premature ventricular contractions, or PVC, prostate cancer,
10 now status post prostatectomy.  She rejected some other
11 claimed conditions, including atrial fibrillation, as
12 nonsevere.
13          At step three, the administrative law judge
14 concluded plaintiff's conditions do not meet or medically
15 equal any of the listed presumptively disabling conditions,
16 specifically considering Listings 4.04, 4.05, and 13.24.
17          In terms of residual functional capacity,
18 Administrative Law Judge Marcus concluded that plaintiff is
19 capable of performing sedentary work with additional
20 limitations.
21          The step four finding by Michelle Marcus was that
22 plaintiff is incapable of performing his past relevant work
23 which was characterized as a composite position of sales
24 manager and auto salesperson.  It was noted by the
25 administrative law judge that in her view plaintiff could

1   perform the sales manager position but exertional
2   requirements of the salesperson position precluded that work.
3          At step five, the vocational expert testified that
4   plaintiff did possess transferable skills from the sales
5   manager position and could work as a sales manager, citing a
6   number of jobs available in the national economy, and
7   therefore concluded that plaintiff was not disabled at the
8   relevant times.
9          The court's function in this case is to determine
10  whether correct legal principles were applied and the
11  resulting determination is supported by substantial evidence.
12         The sole issue raised by the plaintiff concerns the
13  administrative law judge's step five finding, arguing that
14  the administrative law judge was required to, but did not,
15  make findings specific concerning transferability of skills.
16  As a backdrop I note that at step five, it is the
17  Commissioner's burden to establish the availability of work
18  in the national economy that plaintiff is capable of
19  performing notwithstanding his limitations.  Both parties
20  agree that because plaintiff is over 55 and limited to
21  sedentary work, the issue of whether he possesses
22  transferable skills is dispositive.  If he does not, then a
23  finding of disability is warranted under Rule 201.06.  If
24  there are transferable skills, a finding of not disabled is
25  directed by Grid Rule 201.07.

Case 5:21-cv-01057-DEP   Document 13   Filed 10/06/22   Page 9 of 13

13

1          The term skill is defined under SSR 82-41 from 1982
2  as follows:  A skill is knowledge of a work activity which
3  requires the exercise of significant judgment that goes
4  beyond the carrying out of simple job duties and is acquired
5  through performance of an occupation which is above the
6  unskilled level, meaning it requires more than 30 days to
7  learn.  It is practical and familiar knowledge of the
8  principles and processes of an art, science, or trade,
9  combined with the ability to apply them in practice in a
10 proper and approved manner.
11         The SSR goes on to note that to find that an
12 individual who is age 55 or over and is limited to sedentary
13 work exertion has skills transferable to sedentary positions,
14 there must be very little, if any, vocational adjustment
15 required in terms of tools, work processes, work settings, or
16 the industry.
17         The law is fairly clear that, at least in this
18 circuit, that an ALJ must make findings and include in his or
19 her written decision findings concerning the transferability
20 in issue.  The reasoning must be clear and permit adequate
21 judicial review.
22         As I think both parties have noted, there is a
23 distinction between an aptitude and a skill.  And that is
24 noted in the Second Circuit's decision in *Draegert v.*
25 *Barnhart*, 311 F.3d 468 from 2002, as well as the decision

JODI L. HIBBARD, RPR, CRR, CSR
(315) 234-8547

1   from my colleague Magistrate Judge Daniel J. Stewart in *June*
2   *S. v. Commissioner of Social Security*, found at 2018 WL
3   3626423 from the Northern District of New York, July 27,
4   2018.  And the issue I think is really brought into focus and
5   particularly critical because we're dealing with a composite
6   job, as plaintiff's counsel has argued.  The administrative
7   law judge did not make any findings in her decision
8   concerning transferability.  Her discussion of
9   transferability is limited on page 45 to the following:
10  "Ms. Spaulding testified," that's the vocational expert,
11  "that the claimant had transferable skills from the sales
12  manager portion of his past composite occupation.  She noted
13  that the residual functional capacity would allow performance
14  of all demands of this title and likewise all of the
15  transferable skills therein.  Thus, I find the claimant has
16  transferable skills within the scope of the claimant's
17  residual functional capacity."  There is no identification of
18  what those skills are.
19             I understand that in certain circumstances a
20  vocational expert can rely on -- I'm sorry, an administrative
21  law judge can rely on vocational expert testimony provided
22  that he or she makes findings.  *Clark v. Berryhill*, 697
23  F.App'x 49 from the Second Circuit, September 8, 2017, and
24  it's also noted in Judge Stewart's decision in *June S.* which
25  I just gave the citation to.

1               In this case, however, the administrative law judge
2      did not identify the skills during the course of her
3      testimony.  At page 90, the question is posed, "Are there
4      transferable skills from what he, the claimant's past job,
5      that would transfer to this job, that would require very
6      little, if any, vocational adjustment in terms of tools, work
7      processes, work setting, or the industry?
8               "Answer:  So, yes, that work as a sales manager
9      could be performed."
10              There is no discussion as to what skills the
11     vocational expert is referring to.  Is the error harmful?
12     Yes.  It precludes meaningful review.  The vocational expert
13     identified 189,000 jobs in the national economy that extend
14     into other industries besides automobile sales.  I am unable
15     to determine whether transferable skills translate into those
16     other settings and what degree of vocational adjustment, if
17     any, would be required.  I looked at the Dictionary of
18     Occupational Titles for the position manager, sales, DOT
19     163.167-018, and I was unable to determine what skills
20     plaintiff possesses that would allow him to perform that job
21     in other industries without significant vocational
22     adjustment.
23              I am unable to say that the determination at step
24     five is supported by substantial evidence and that correct
25     legal principles were applied because I believe the

1    administrative law judge ran afoul of the court's directive
2    in *Clark* and *Draegert*.
3              I do note that the Commissioner cited *Carol Ann T.*
4    *v. Commissioner of Social Security*, 2021 WL 3165353 from the
5    Northern District of New York July 26, 2021, but that case is
6    distinguishable because the administrative law judge made
7    findings, in such job, plaintiff would possess certain
8    clerical skills including data entry, keyboarding, filing,
9    record keeping, information giving, and processing requests
10   for information.  No such finding by the administrative law
11   judge was made in this case.
12             So I conclude that there is error.  I do not
13   find -- I agree with Commissioner's counsel that I should not
14   enter a directed finding of disability.  I think the case
15   should be remanded for compliance with *Clark* and SSR 82-41.
16   So I will grant judgment on the pleadings to the plaintiff
17   without directed finding and remand the matter for further
18   consideration.
19             Thank you both for excellent presentations, have a
20   good day.
21             MR. DOLSON:  Thank you, Judge.
22                  (Proceedings Adjourned, 11:25 a.m.)
23
24
25

```
 1              CERTIFICATE OF OFFICIAL REPORTER
 2
 3
 4       I, JODI L. HIBBARD, RPR, CRR, CSR, Federal
 5  Official Realtime Court Reporter, in and for the
 6  United States District Court for the Northern
 7  District of New York, DO HEREBY CERTIFY that
 8  pursuant to Section 753, Title 28, United States
 9  Code, that the foregoing is a true and correct
10  transcript of the stenographically reported
11  proceedings held in the above-entitled matter and
12  that the transcript page format is in conformance
13  with the regulations of the Judicial Conference of
14  the United States.
15
16                  Dated this 5th day of October, 2022.
17
18
19                  /S/ JODI L. HIBBARD
20                  JODI L. HIBBARD, RPR, CRR, CSR
                    Official U.S. Court Reporter
21
22
23
24
25
```